**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerad Lee Halterman,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Ryan F Thornell, et al.,<br><br>　　　　　Respondents. | No. CV-23-08615-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was referred has issued a Report and Recommendation ("R&R") recommending that the Petition be denied. Petitioner has filed objections to the R&R, and Respondents have responded to the objections.

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's]

recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

General objections do not trigger de novo review of an R&R. *Warling v. Ryan*, No. CV-12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)) ("[T]he Court has no obligation to review Petitioner's general objections to the R&R"); *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (same); *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. October 24, 2014) (". . . when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."); *see also Kenniston v. McDonald*, No. CV-15-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (internal citations omitted) ("'When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the [R&R] to a de novo review.' To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection."). Similarly, "simply repeating arguments made in the petition is not a proper objection under Rule 72." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

Respondents ask the Court to overrule Petitioner's objections because Petitioner "does not challenge the R&R's conclusions; instead, he simply reargues the merits of his claims." (Doc. 22 at 1-2). In the sur-reply, Petitioner admits he "did not know that [he] had to make specific objections to the R and R." (Doc. 23 at 1). As will be discussed in more detail below, many of Petitioner's objections do not engage with the R&R's analysis and instead repeat arguments from the Petition. For purposes of triggering de novo review, this Court will consider de novo only "specific" objections to the findings and

recommendations of the R&R that do not merely repeat Petitioner's original arguments. *See Kenniston*, 2019 WL 2579965, at *7.

## II.     Review under AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), applies to this case. Specifically, the Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101, (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV-16-00594-PHX-JAT (BSB), 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (*Report and Recommendation accepted* 2018 WL 6695951, at *1 (D. Ariz. Dec. 20, 2018)); *see also White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted) (an unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice").

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

If Petitioner failed to exhaust a claim in state court, that claim "… may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Alternatively, Petitioner can overcome his failure to exhaust if he can show cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III. Background

The R&R discusses the procedural and factual background of this case at pages 1 to 5. (Doc. 18). In short summary, following a jury trial:

> The court sentenced Halterman to a slightly aggravated term of four years on each count of sexual conduct with a minor, with the sentences running concurrently. Next, the court sentenced Halterman to aggravated terms of 12 years for luring a minor for sexual exploitation and 17 years for aggravated luring. The court ordered these sentences to run concurrently but consecutively to the sexual-conduct sentences. Finally, the court sentenced Halterman to an aggravated term of 21 calendar years for sexual conduct with a minor under 15, to run consecutively to the other sentences.

(Doc. 18 at 3-4 (quoting the Arizona Court of Appeals decision)).

#### a. Objections to Background

Petitioner objects to page 3, lines 10 to 13 of the background section of the R&R (Doc. 21 at 1). However, in that section, all the R&R is doing is quoting the Arizona Court of Appeals opinion. Petitioner is not arguing the R&R misquoted the Court of Appeals. He is arguing the Court of Appeals misstated the trial record. (Doc. 21 at 2). Specifically, the Court of Appeals said the trial court allowed the admission of Petitioner's statements that he had been to prison. Petitioner's objection states that the trial court precluded his statements that he had been to prison.

Respondents argue that this factual dispute with the Court of Appeals finding is waived because it was not raised in the Petition. (Doc. 22 at 3). Moreover, Respondents argue that Petitioner's only goal in this objection is to flesh out further factual assertions to support claim one of his Petition (which will be addressed below). (*Id.*). The Court agrees with Respondents. Thus, this objection is overruled except as addressed as part of claim one below.

Petitioner also cites page 5, lines 16 to 18 of the R&R's background as something to which he is objecting. (Doc. 21 at 2). However, the R&R recounts that Petitioner filed a notice and Petitioner states, "I did file the notice." Thus, there does not appear to actually be a dispute or objection. Having addressed all objections to the factual and procedural background, the Court hereby accepts and adopts pages 1 to 5 of the R&R.

### IV. Claims in the Petition

Petitioner raises six claims[2] for relief in his Petition. (Doc. 18 at 5-6). The Court will address each claim in turn.

### A. Claim 1: "Coerced Confession"

Petitioner argues his confession should not have been admissible for various reasons. For example, Petitioner claims that his confession was in violation of his right against self-incrimination. (Doc. 18 at 13). Petitioner also claims it was not voluntary. (Doc. 18 at 15). The R&R addresses this claim on the merits at pages 13 to 16.

Prior to reaching the merits, the R&R at pages 10 to 13 analyzes whether this claim was exhausted before the state courts. The R&R ultimately concludes that this claim was exhausted by Petitioner including it in his reply to his PCR petition (and including a copy of that reply in an appendix to his petition for review to the Arizona Court of Appeals). (Doc. 18 at 13). Neither party objected to this conclusion, and the Court therefore accepts it. However, due to this less-than-ideal procedure, no state court decision clearly addressed this claim.

The R&R concludes that relief on this claim should be denied. The R&R does not specify whether it is considering the claim de novo or giving deference to the state court's (implied) denial. The Court of Appeals has explained:

> Before turning to the merits of this claim, we address the proper standard of review. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "sharply limits" our review of any claim adjudicated on the merits in state court. *Johnson v. Williams*, 568 U.S. 289, 298 (2013). We may not grant a petition on an adjudicated claim unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[2] Petitioner uses both "claim" and "ground" to refer to the same. The R&R uses "ground." This Court will use "claim."

United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). But for any claim not adjudicated on the merits by the state court, our review is de novo. *See Patsalis v. Shinn*, 47 F.4th 1092, 1097-98 (9th Cir. 2022).

…

As we recently stated, "[w]hen a petitioner presents a federal claim 'to a state court and the state court has denied relief,' we presume that 'the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.'" *Patsalis*, 47 F.4th at 1098 (quoting *Harrington v. Richter*, 562 U.S. 86, 99 (2011)). We apply this presumption "even when the state court resolves the federal claim in a different manner or context than advanced by the petitioner so long as the state court 'heard and *evaluated* the evidence and the parties' substantive arguments.'" *Id.* (quoting *Johnson*, 568 U.S. at 302 (emphasis in original)).

We adhere to this "strong" presumption because "it is not the uniform practice of busy state courts to discuss separately every single claim to which a defendant makes even a passing reference." *Johnson*, 568 U.S. at 298. And so federal habeas law "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id.* (quoting *Richter*, 562 U.S. at 100). Thus, the presumption applies "[w]hen a state court rejects a federal claim without expressly addressing that claim." *Id.* at 301.

But this presumption can be "rebutted" in "limited" or "unusual circumstances." *Id.* at 301-02. Thus, for example, the presumption doesn't hold if the federal claim was "rejected as a result of sheer inadvertence." *Id.* at 302-03. Even so, to show this, "the evidence" must "very clearly" lead to "the conclusion that a federal claim was inadvertently overlooked in state court." *Id.* at 303.

*Sherman v. Gittere*, 92 F.4th 868, 875-76 (9th Cir. 2024).

Here, the state post-conviction relief ("PCR") court considered the voluntariness of Petitioner's confession only in the context of ineffective assistance of counsel. (Doc. 12-5 at 5-7). The only reference the state PCR court made to what Petitioner now argues in claim one was, "In this case, the State filed a Voluntariness Motion,[3] and the Court found that the confessions were voluntary, and there was no evidence of coercion or implied promises." (Doc. 12-5 at 6). The state PCR court then concludes that counsel was not ineffective for failing to file a motion to suppress the confessions because Petitioner was not prejudiced. (*Id.*).

It is difficult for the Court to determine whether the state court "overlooked" that Petitioner was independently arguing his confessions were involuntary (independent from his ineffective assistance of counsel claim), or if the state PCR court was effectively

---

[3] Following an evidentiary hearing, the trial court found the confessions to be voluntary. (Doc. 12-1 at 22).

adopting the findings of the trial court that the confessions were voluntary – in which case this Court should defer to that decision.

The Arizona Court of Appeals' decision on Petitioners' Petition for Review does not add any more information. The totality of that Court's reasoning was, "We have reviewed the record in this matter, the superior court's order denying the petition for post-conviction, petition, response, reply. Petitioner has not established an abuse of discretion. For the foregoing reasons, we grant review but deny relief." (Doc. 12-5 at 52).

Applying the presumption referenced in *Sherman*, this Court concludes that these opaque statements are sufficient to establish the state courts addressed the argument on its merits. Petitioner has not provided any evidence that might rebut that presumption. Therefore, this Court can grant relief only if the state court's decision denying relief was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts.

The R&R appears to give Petitioner the benefit of the doubt and reviews this claim de novo in recommending that this Court deny relief. Petitioner objects to the recommendation that this Court deny relief.

Petitioner spends the majority of his objections on this claim detailing the effects of methamphetamines on the human body. (Doc. 21 at 3-6). The Court cannot take what amounts to expert testimony from Petitioner in an objection to an R&R.[4] This objection is overruled.

---

[4] Petitioner attempts to add another ineffective assistance of counsel claim to his objections, arguing his attorney was ineffective for not calling an expert witness on the effects of methamphetamine and marijuana use at the voluntariness hearing. This claim is waived because it was not raised in the Petition in this case. Further, the Court will not permit Petitioner to amend the Petition to add this claim because the claim is futile. As discussed below, Petitioner's own interview statements contradict Petitioner's claim that he was under the influence. Therefore, an expert on this topic would not have changed the outcome of the voluntariness hearing; thus, on the merits Petitioner was not prejudiced. Petitioner also has not shown that this claim was exhausted before the state courts, however, a claim "… may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Similarly, Petitioner's request that this Court appoint an expert on the effects of drug use found in his objections (Doc. 21 at 7) is denied because expert testimony would not change the outcome of this proceeding. Thus, like the R&R, the Court finds that relief on this claim should be denied even if the claim is reviewed de novo.

The R&R's conclusion on the use of methamphetamine issue is that the transcript of Petitioner's interview with police contradicts Petitioner's post-hoc claim that he was under the influence. (Doc. 18 at 15). Specifically, Petitioner denies significant drug use in the interview. (*Id.*). This Court agrees with the R&R that Petitioner's present arguments cannot be credited as a matter of fact because they are directly contradicted by the record. Petitioner's objection wherein he claims he was lying then, but telling the truth now, is a self-serving different version of the facts than was presented to the state court. Accordingly, the Court finds that the state court's conclusion that the confession was voluntary (Doc. 12-1 at 22) was not contrary to or an unreasonable application of federal law, nor was it an unreasonable determination of the facts. Petitioner's objections are overruled.

Petitioner mentions the other two issues discussed by the R&R with respect to the voluntariness of his conviction: namely, statements about his mom and about his understanding of his *Miranda* rights. (Doc. 21 at 6). However, he does not make a specific objection to the R&R's recommendations on these issues.

Thus, the R&R is accepted as to Claim 1. Relief on Claim 1 is denied.

### B. Claim 2: "Ineffective Assistance of Counsel"

Petitioner claims his counsel was ineffective at every stage of his state court proceedings. (Doc 1 at 7). Petitioner raised this claim on PCR and this claim was thereby exhausted. (Doc 12-3 at 4; Doc. 18 at 16). The R&R recounts the law governing ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 18 at 16-17). In short summary, *Strickland* requires Petitioner to show that his counsel's performance was objectively deficient and that Petitioner was prejudiced. Neither party objects to this discussion of the law and the Court hereby accepts and adopts it.

In his objections underneath this claim, Petitioner does not cite to the R&R and mostly reiterates arguments from his Petition. As Respondents say, the Petitioner "fails to challenge the R&R's conclusion that his [ineffective assistance of counsel] claims are meritless. Rather, he again simply repeats his arguments for why he believes counsel was ineffective." (Doc 22 at 3). At best, Petitioner appears to object to the R&R's conclusion

that Petitioner did not "overcome the presumption that, under the circumstances, the challenged action 'might be considered *sound trial strategy*.'" (Doc. 18 at 31 (quoting *Strickland*, 466 U.S. at 689) (emphasis added)). For example, Petitioner says it was not "any kind of trial strategy" that counsel "made no objection in [the voluntariness] hearing." (Doc 21 at 7-8). Petitioner also says his counsel "wasn[']t using 'sound trial strategy'" when Petitioner gave counsel "evidence to prove [Petitioner] was innocent"[5] and counsel did not investigate the evidence and "never told [Petitioner] that if [Petitioner] wanted to get [the evidence] or have it admitted [Petitioner] would have to take the stand." (Doc. 21 at 7). Lastly, Petitioner claims his counsel was ineffective in not objecting to "perjured testimony" of a witness. (Doc. 18 at 20). Petitioner seems to suggest that the jury would not have found him guilty if not for the coerced confession and the "false perjured testimony." (Doc. 21 at 8).

"There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The R&R found that counsel's actions fell within the "countless" number of ways to provide effective assistance of counsel. Petitioner provides no additional evidence or arguments to persuade the Court that counsel's conduct fell outside the "wide range of reasonable professional assistance." It remains true that the superior court found Petitioner's confession voluntary, Petitioner voluntarily confessed to engaging in sexual conduct with the minor victim, and the jury saw explicit Facebook messages from Petitioner to the victim. (Doc. 18 at 19-20; Doc. 12-6 at 51-52, 57-58, 105-07). Considering those circumstances, the Court can conceive of legal and strategic reasons why counsel went against Petitioner's preferred strategy. Moreover, as the R&R points out, even if trial counsel had filed a motion to suppress Petitioner's confession, or had tried to admit the allegedly exculpatory evidence, or had objected to the witness testimony, Petitioner has not shown that the result of the proceeding would have been different, and

---

[5] The allegedly exculpatory evidence was screenshots of Google Maps. (Doc. 18 at 19). These screenshots were not attached to Petitioner's PCR petition. (*See* Docs. 12-3, 12-4, Exh. W).

therefore fails the second prong of *Strickland*. (Doc. 18 at 18-19). For the reasons stated in the R&R, this Court concludes that, on the merits, trial counsel was not ineffective. Accordingly, the objections are overruled and relief on Claim 2 is denied.

### C. Claim 3: "Perjured Testimony"

Petitioner argues that the state used perjured testimony to obtain its conviction. (Doc. 1 at 8). The R&R discusses this Claim at pages 21 to 23. The grounds for exhaustion for this claim are the same as the grounds for Claim 1: "Because Petitioner raised this ground in his PCR reply filed in the Appendix of his petition for review with the Arizona Court of Appeals, the claim has been properly exhausted." (Doc. 18 at 21-22). The R&R again appeared to consider this claim de novo and was unable to conclude that the victim offered perjured testimony at Petitioner's trial. (Doc. 18 at 22).

Petitioner first objects because he desires "to clarify" the R&R's reference to the interview between the victim and law enforcement on page 22, lines 20 to 21. (Doc. 21 at 8). There, the R&R states that "[i]n an interview with law enforcement officers, the victim informed the officer that a separate incident occurred with Petitioner 'before he went to [rehab].'" (Doc. 18 at 22).

It is unclear which part Petitioner wishes to clarify. After citing the R&R, Petitioner attempts to link the victim's testimony regarding her virginity with the date of the victim's birthday and the dates that Petitioner went to rehab. (Doc. 21 at 8-9). Petitioner says that, taken together, the testimony and dates suggest that Count 6 of his indictment (sexual conduct with a minor under 15) "would be a Class 6 felony not a [C]lass 2 felony." (Doc. 21 at 9). However, Petitioner "admitted to the police that he had sex with [the victim] when she was around 13 years old, which [the victim] corroborated at trial." (Doc. 1-1 at 5 (emphasis added)).[6] Furthermore, Petitioner did not include the issues surrounding the date of the victim's birthday and the dates that Petitioner went to rehab in the original Petition; in the original Petition, the supporting facts for this claim were *entirely* about whether the

---

[6] As the R&R correctly states, "[t]he Arizona Court of Appeals' recitation of the facts is presumed correct." (Doc. 18 at 2 (citing 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012))).

- 10 -

victim knew the Petitioner was in prison in 2017.[7] (Doc. 1 at 8). Thus, the Court will not consider this objection. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). The Court hereby accepts the R&R as to Claim 3 and denies relief on this Claim.

### D. Claim 4: "Judicial and Prosecutorial Misconduct"

Petitioner claims judicial and prosecutorial misconduct results in an "unfair" and "non-impartial" trial. (Doc. 1 at 9). The R&R fully analyzes this claim at pages 24 to 26. Petitioner did not raise a claim of prosecutorial misconduct on direct appeal and "only raised part of the claim on PCR when arguing the prosecutor offered perjured testimony." (Doc. 18 at 24). Similarly, "Petitioner's judicial misconduct claim was not presented to the appellate court of the PCR court." (*Id.*). The R&R concludes that Petitioner "fails to make the necessary showings to overcome the procedural bar and Petitioner's judicial misconduct claim is not reviewable by this court." (Doc. 18 at 26).

Petitioner first objects to page 24, lines 3 to 4 of the R&R. (Doc. 21 at 10). There, the R&R says "Petitioner *argues* judicial and prosecutorial misconduct resulted in an unfair trial." (Doc. 18 at 24 (emphasis added)). Petitioner says he "[hasn't] argued anything" but instead "was telling [his] side of what happened and [he] backed it up with case law, rules, [and] procedures that match up with the misconduct." The Court is unclear what Petitioner is objecting to. If it is to the verb choice of "argue," the objection is frivolous.

Petitioner then references a Harvey Weinstein case and attempts to draw a connection between that case and Petitioner's case because, in Petitioner's case, the

---

[7] The R&R recounts what the victim said in interviews with law enforcement officers and what the victim testified to at trial. (Doc. 18 at 22-23). On review, the R&R found that "the victim maintained her belief that Petitioner was in rehab or prison at some point during 2017. The only time the victim testified to the contrary was when asked if she was aware Petitioner was in prison around the time of her fourteenth birthday." (*Id.* (internal citations omitted)). "[D]efense counsel impeached the victim and the jury resolved the disputed testimony." (Doc. 18 at 23 (internal citations omitted)). The Court agrees with the R&R's conclusion: "Because Petitioner is unable to prove the victim's testimony was actually false, much less that the prosecutor knew or should have known that the testimony was actually false, Petitioner fails to establish that his due process rights were violated." (Doc. 18 at 23).

prosecutor asked whether the victim and Petitioner had "done things" other times and the victim responded "yes." (Doc. 21 at 10). In other words, Petitioner "complains that the prosecutor asked [Petitioner] about uncharged conduct." (Doc. 22 at 4). Because this is not a specific objection, and because Plaintiff did not raise this argument in the Petition, the Court will not consider it.

Petitioner also brings up "the use of perjured testimony." (Doc 21 at 11.) As the R&R notes, this part of Claim Four "rests on nearly identical facts as those asserted and discussed in [Claim] Three." (Doc. 8 at 24). The Court again agrees with the R&R that because "Petitioner failed to establish the victim's testimony was actually false and that the prosecutor knew or should have known the testimony was false, Petitioner is unable to establish prosecutorial misconduct on this issue." (Doc. 18 at 24). Thus, for the reasons stated above, Petitioner is not entitled to relief on this theory.

Petitioner then objects to page 24, lines 24 to 26 of the R&R. (Doc. 21 at 11). There, the R&R quotes *Darden v. Wainwright*, 477 U.S. 168, 181 (1986): "The relevant question is whether *the prosecutors' comments* so infected the trial with unfairness as to make the resulting conviction a denial of due process." (Doc. 18 at 24 (emphasis added)). Petitioner responds that "[i]t[']s not just the comments [he] want[s] the courts to see and consider," but that he also wants the Court to consider (1) how the judge was biased and favored the prosecution, (2) how the prosecutor used perjured testimony, (3) how Petitioner's counsel did not defend Petitioner, and (4) how Petitioner "never got a proper volunt[ariness] hearing." (Doc. 21 at 12). Petitioner continues but does not make any other specific objections.

The Court has already considered Petitioner's claims regarding the prosecutor allegedly using perjured testimony, the claimed ineffectiveness of Petitioner's counsel, and the voluntariness of Petitioner's confession. The Court has not yet considered Petitioner's claim regarding judicial misconduct; however, this claim "was raised for the first and only time in the Arizona Supreme Court on Petitioner's petition for review." (Doc. 18 at 25). Thus, the claim was not properly exhausted and it cannot be properly exhausted because it

is procedurally barred. (Doc. 18 at 25). The Court agrees with the R&R that Petitioner did not "establish cause to overcome" this procedural bar. (Doc. 18 at 25). Petitioner also did not present evidence of "actual innocence" and did not show that "failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice." (Doc. 18 at 26). Accordingly, this objection is procedurally defaulted, without excuse, and relief on Claim 4 is denied.

### E. Claim 5: Sentence Imposed

Petitioner argues his sentence was not imposed "in accordance with the sentencing procedures established by rule and statute." (Doc. 1 at 10). Because Petitioner raised this claim "in his PCR reply filed in the Appendix of his petition for review with the Arizona Court of Appeals, this claim has been properly exhausted." (Doc. 18 at 27).

The R&R concludes that this claim "is not cognizable on federal habeas review." (Doc. 28 at 31). Petitioner objects, saying that his claim should be cognizable on federal review because his sentence violates his right to be free from cruel and unusual punishment. (Doc. 21 at 13). Petitioner also says "[t]he superior court i[m]posed a sentence that is unusual to that of state law." (Doc. 21 at 13). Respondents argue the Court should overrule this objection because Petitioner "does not cite to any legal authority that would establish that his challenge to State sentencing procedures is, in fact, a federal constitutional claim." (Doc. 22 at 4).

As the R&R details, "[a]lleged errors *in the application of state law* are not cognizable in federal habeas review." (Doc. 18 at 27 (emphasis added) (citations omitted)). Here, Petitioner has only asserted state law claims; he did not assert constitutional violations in his PCR reply, his habeas Petition, or his Reply. (Doc. 18 at 27-28). Although Petitioner cites to the Eighth Amendment in his objections, the R&R remains correct: "[A]s pleaded, this claim remains a state-law sentencing issue and not a federal one. Petitioner states no other facts to demonstrate a specific violation of his constitutional rights." (Doc. 28 at 31). Merely mentioning cruel and unusual punishment, or categorizing the claim as "a constitutional issue," is not enough to transform what Petitioner originally characterized

as a state-law issue into a federal law issue. The Court hereby accepts the R&R as to Claim 5 and denies relief accordingly.

### F.  Claim 6: "Unconstitutionally Suppressed Evidence"

Petitioner claims the State unconstitutionally suppressed evidence relating to the victim's prior sexual conduct. (Doc. 1 at 11). The R&R finds that this claim was not properly exhausted because Petitioner did not raise this claim in state court. (Doc. 18 at 28). This claim is also procedurally defaulted because "Petitioner may no longer return to the state courts to properly exhaust this claim." (Doc. 18 at 29). The R&R concludes that Petitioner did not overcome the procedural default and this claim is therefore not reviewable. (Doc. 18 at 29).

The Court agrees with Respondents that Petitioner fails to make a specific objection because Petitioner "does not demonstrate the R&R's conclusion . . . was erroneous." (Doc. 22 at 4). Instead, Petitioner questions how he can "present a proper defen[s]e" or "prove [his] case of innocence if [the Court] exclude[s] all the things needed to do that." (Doc. 21 at 13). As the R&R finds, Petitioner did not present any evidence of innocence, or any new evidence at all. The Court hereby accepts the R&R as to Claim 6 and denies relief accordingly.

## V.  Motion to Strike Sur-Reply

Petitioner filed a reply to Respondents' reply to Petitioner's objections. (Doc. 23). However, a reply to the reply is not permitted under the Rules. *See* Fed. R. Civ. P. 7, 72(b)(2); LRCiv. P. 7.2. Respondents move to strike Petitioner's reply because it is an impermissible sur-reply. (Doc. 24). While Respondents are correct that, procedurally, a sur-reply is not permitted, the Court nonetheless considered the sur-reply and it does not change the outcome of this case. As a result, the motion to strike is denied.

## VI.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report & Recommendation (Doc. 18) is accepted and adopted; the objections (Doc. 21) are overruled. The Petition in this case is denied with

prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion to Strike (Doc. 24) the sur-reply (Doc. 23) is denied.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition were based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 10th day of October, 2024.

_____
James A. Teilborg
Senior United States District Judge